## In re José Soto Rivera, Respondent.

No. 29. Argued January 27, 1931.—Decided January 14, 1932.

*R. A. Gómez, Fiscal,* for the prosecution. *Leopoldo Feliú* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the Court.

On December 15, 1930, the *Fiscal* of this Supreme Court, delegated by the Attorney General of Puerto Rico, filed a complaint against José Soto Rivera, a practicing attorney in this Island, praying that the respondent be disbarred from further practice of the law, and setting forth the following facts:

"That about the middle of the year 1926, Nicolás Ortiz brought a suit for divorce in the District Court of San Juan against his wife, and his attorney therein was José Soto Rivera.

"That at that time Ortiz and his wife were the owners of a house which they had purchased from Jorge L. Zeno, who in turn had acquired it from the Association 'Constructora del Hogar.'

"That said piece of property was encumbered by a mortgage in favor of the said 'Constructora del Hogar' for the sum of $2,500 as part of the purchase price paid by Jorge L. Zeno to the said association 'Constructora del Hogar.'

1

"That at the time above mentioned the mortgage had been reduced by partial payments to about $1,700.

"That during the pendency of the divorce proceeding brought against his wife by Nicolás Ortiz in the District Court of San Juan, the latter had fallen behind in his payments to the 'Constructora del Hogar,' so that in May, 1927, at which time the divorce action was still pending, the arrears due by Ortiz to the 'Constructora del Hogar' amounted to approximately $400.

"That in these circumstances, the 'Constructora del Hogar' threatened Ortiz with foreclosure proceedings in order to collect its credit, whereupon Ortiz consulted with attorney José Soto Rivera regarding the seriousness of the situation and the said attorney advised him to take immediate steps to obtain money for the above purpose.

"That thereafter Francisco A. Martínez, a close friend of Ortiz who works in the same office as the latter, told him that his savings in the bank amounted to $500 which he was willing to lend him and would take a second mortgage on the house, since the 'Constructora del Hogar' held the first mortgage, to enable Nicolás Ortiz to pay the arrears to the 'Constructora del Hogar' and save his house.

"That on May 4, 1927, Nicolás Ortiz and Francisco A. Martínez called at the office of attorney José Soto Rivera, at 42 Salvador Brau Street, in the city of San Juan, Puerto Rico, and there Ortiz told his attorney, José Soto Rivera, that he had already found the five hundred dollars to save his house; that although not all of this amount was due to the 'Constructora del Hogar,' he desired to pay the whole sum so as to reduce his indebtedness as much as possible, and that the attorney should prepare the mortgage deed in favor of Martínez.

"That attorney José Soto Rivera then told Ortiz and Martínez that the transaction could not be carried out without an order of the district court by reason of the divorce suit that was pending, and that, as it was already late that day, they should leave the five hundred dollars with him until the next day, May 5, 1927, when he would deposit the money in the district court and would procure from said court the order authorizing the transaction.

"That Nicolás Ortiz, believing in good faith the statements made to him by attorney José Soto Rivera whom he fully trusted, asked Francisco Martínez to let him have the $500 which the latter carried with him, in three $100-bills and ten $20-bills, and handed the money to attorney José Soto Rivera, who gave Ortiz the following receipt:

" '$500.00.—May 4, 1927.—I have received from Mr. Nicolás Ortiz five hundred dollars to be deposited in court in connection with his mortgage application filed in his action for divorce, to be paid on account of his debt to the Constructora del Hogar. (Signed) José Soto Rivera.'

"That immediately afterwards Nicolás Ortiz gave another receipt for the same amount to Francisco A. Martínez.

"That on the following day Ortiz and Martínez called again at the office of attorney José Soto Rivera to ascertain whether the court had issued the order which according to attorney Soto Rivera, was necessary and whether the deed could then be made, and attorney Soto Rivera told the said Ortiz and Martínez that although he had already deposited the money in the District Court of San Juan, the deed could not be executed because the court had not issued the order.

"That in this situation they waited and waited for months, attorney José Soto Rivera always using the same subterfuges, until the 14th of December, 1927, when the District Court of San Juan finally decided the divorce action brought against his wife by Nicolás Ortiz.

"That Ortiz and Martínez lost patience in their efforts to have attorney José Soto Rivera draw up the mortgage deed in favor of Martínez and decided to make inquiry in the District Court of San Juan as to whether the $500 delivered by Ortiz to attorney José Soto Rivera had been deposited there by the aforesaid attorney, and they obtained a certified statement from the clerk of the said District Court of San Juan to the effect that no such deposit had been made by either attorney José Soto Rivera or anyone else in his name, thus showing that the representation and statements made by attorney José Soto Rivera in this connection were false and fraudulent. That Ortiz and Martínez also called at the office of the Constructora del Hogar to inquire whether the attorney Soto Rivera had paid the $500 to the said company on account of the arrears owed by Ortiz, and that they also obtained a negative certificate from the said company issued by its secretary, attorney Samuel Medina.

"That this situation had continued unchanged, Ortiz and Martínez constantly trying to get from attorney José Soto Rivera the return of the $500 delivered to him by Nicolás Ortiz which the latter had procured in the aforesaid manner and which attorney Soto Rivera had appropriated to himself, in violation of the trust reposed in him by his client, Nicolás Ortiz, and without having applied the said $500 to the purpose for which the same had been delivered to him. That up to the present time the said Nicolás Ortiz has failed to obtain

from attorney Soto Rivera the return of the said sum or of any part thereof.

"That on several occasions attorney José Soto Rivera has sought to settle this matter with Nicolás Ortiz and Francisco A. Martínez by offering them promissory notes or mortgages on property, which offers proved to be also false, as either the promissory notes were worthless or the properties which he offered to encumber turned out not to be his."

On the day set for hearing the respondent and the proofs, the parties introduced the evidence they considered as pertinent. After oral argument by counsel on both sides the case was submitted for decision, which has been long delayed by reason of the time taken up by the stenographers in the transcription of the notes taken at the trial.

From a consideration of the evidence as a whole we reach the conclusion, beyond a reasonable doubt, that the *Fiscal* has substantially proved all the facts charged in the complaint. The defendant never deposited the $500 in the district court. On October 29, 1929, two years after the receipt of this money, the law firm of Besosa & Besosa requested him to pay it and, after several unproductive promises made by the respondent to give security for the return of the said sum, he delivered to that firm a promissory note for $500 executed by the Municipality of Río Piedras in favor of the respondent, to mature in 1932, endorsed to Nicolás Ortiz, and promised said firm to pay $200 as interest, which offer was not fulfilled until the 9th of January, 1931, after disbarment proceedings had been commenced in the Supreme Court.

The respondent set up as a defense that the $500 was to be deposited in the court which tried the divorce action, but that afterwards Ortiz agreed to loan the said sum to him. This, however, has been denied by Ortiz, whom we believe, among other reasons, because if Ortiz borrowed that money from another person in order to pay the amounts due on the mortgage which the creditor had threatened to foreclose, it does not seem credible that he would loan it to the defendant.

The conduct of the defendant in appropriating to his own use the money which had been deposited with him by his client for the purpose of paying the arrears of his mortgage debt, is improper and abusive on the part of an attorney in his fiduciary relations with his client and renders him guilty of deceit towards him, and liable to disbarment or suspension as an attorney and therefore as a notary. However, in view of the circumstances of this case and that, subsequently, he paid the sum withheld and interest thereon, we will only suspend him from practice as an attorney and notary for a period of two years.